# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**MARGARET W. MCBRIDE,**
**and JOE H. SMITH,**

    **Plaintiffs,**

**vs.**                                        **Case No. 4:19cv607-MW-CAS**

**BENEFICIAL FLORIDA, INC.,**
**et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

    This case was initiated on December 17, 2019, with the filing of an in forma pauperis motion, ECF No. 2, and a civil rights complaint brought pursuant to 42 U.S.C. § 1983. ECF No. 1. Because of several irregularities with those documents, an Order was entered advising that the case could not proceed as filed and requiring clarification from Plaintiffs. ECF No. 4.

    First it was unclear whether this case was brought by one Plaintiff or two. The initial in forma pauperis motion was signed by Joe H. Smith, *see* ECF No. 2 at 5, however, the style of the case listed on the first page of

that motion indicated that the case was brought by only one Plaintiff - Margaret W. McBride. ECF No. 2 at 1. It was also unclear whether the financial information provided in the financial affidavit was for Plaintiff McBride or for Joe Smith.[1] Accordingly, ruling on the in forma pauperis motion was deferred until clarification was received. ECF No. 4.

Second, the case style provided on the first page of the complaint form indicated that the case was filed by two Plaintiffs - Margaret W. McBride and Joe H. Smith. ECF No. 1 at 2. A hand-written notice submitted as the first page of the complaint indicated that Plaintiff was "moving case" to this Court from state court because "none of the defendants could be properly served by a process server." ECF No. 1 at 1. That notice appeared to be signed by "Joe H. Smith, POA" for Margaret W. McBride. *Id.* Another "affidavit" attached to the complaint, *see* ECF No. 1 at 46, indicated that Margaret McBride had granted a power of attorney to her son, Joe Smith.

An Order was issued explaining the numerous deficiencies with the affidavit and complaint. ECF No. 4. A primary issue noted was that

---

[1] A comment made in the motion suggests that Joe Smith is a paralegal and Plaintiff McBride is compensating "Smith Private Paralegal Services" for assistance in pursuing this case. *See* ECF No. 2 at 5 (question 9).

Plaintiff Margaret W. McBride could not be represented in this action by Joe H. Smith as "P.O.A." *Id.* Presumably, the designation stands for "power of attorney" and would be in line with Margaret McBride's attempted "affidavit." The Order explained that Plaintiff could not be represented in this Court by one who holds power of attorney unless that person were a licensed attorney. *See* ECF No. 4. Thus, Plaintiff was required to submit an amended complaint which was written and signed by Plaintiff, either pro se, or appropriately represented by counsel. *Id.*

Thereafter, a motion requesting an enlargement of time to file an amended complaint was filed, ECF No. 6, and another in forma pauperis motion, ECF No. 5. Both documents were improperly signed for Margaret W. McBride by "P.O.A. Joe J. Smith." ECF Nos. 5, 6. Another Order was entered ro reiterate that this case could not proceed with Mr. Smith signing documents for Margaret McBride. ECF No. 7. Furthermore, because no clarification was provided regarding the Court's concerns as to the proper Plaintiff and representation by a non-attorney, the Order required compliance with the prior Order, ECF No. 4. *Id.*

In particular, ruling was again deferred on the in forma pauperis motion and additional time was granted for compliance. ECF No. 7. As of

Case No. 4:19cv607-MW-CAS

this date, an amended in forma pauperis motion has not been filed and the March 13, 2020, deadline has passed.

Further, the Order explained that additional documents would not be considered if submitted by a person who was not the actual Plaintiff in this case or not licensed to practice law and admitted to the Bar of this Court. *Id.* An amended complaint was submitted, ECF No. 8, but it is again deficient because it is signed by Joe Smith as "P.O.A." *Id.* at 17.

Another problem with this case is that the Order required explanation from the parties as to whether this case was first filed in state court. ECF No. 7 (citing ECF No. 1 at 10-37).[2] Plaintiff(s) were required to advise if that observation was correct and, if so, state when the case was filed in state court and indicate whether it was still pending, closed, or this case was an attempt to remove it from state court to this Court. ECF No. 7 (citing ECF No. 4). The Order cautioned that a response to that "issue <u>must</u> be filed." ECF No. 7. As of this date, no response to that Order was filed.

---

[2] The complaint is styled for state court, but appears to be unsigned. ECF No. 1 at 10-37. A final page is included at the end of the complaint as filed in this Court, but is separate from the complaint, see ECF No. 1 at 85, which was presumably filed in state court. At any rate, the final page of the complaint is signed but not dated, and it is unclear whether Plaintiff McBride signed that document.

Case No. 4:19cv607-MW-CAS

The deadline for filing an appropriate in forma pauperis application and amended complaint was **March 13, 2020.** There has not been compliance and Mr. Smith has continued to assert his belief that he can litigate this case for another person. *See* ECF No. 9. That is incorrect.

Under 28 U.S.C. § 1654, a party in federal cases has the right to appear pro se, to "plead and conduct their own cases personally or by counsel." Franklin v. Garden State Life Ins., 462 F.App'x 928, 930 (11th Cir. 2012) (quoting 28 U.S.C. § 1654 and holding that Franklin, as a non-lawyer, could not proceed pro se on behalf of an estate, even though she was administratrix of the estate). "The right to appear pro se, however, is limited to those parties conducting 'their own cases' and does not apply to persons representing the interests of others." Franklin, 462 F.App'x at 930 (citing Devine v. Indian River Cnty. Sch. Bd., 121 F.3d 576, 581 (11th Cir. 1997), overruled in part on other grounds, Winkelman v. Parma City Sch. Dist., 550 U.S. 516, 127 S.Ct. 1994, 2006-07, 167 L.Ed.2d 904 (2007)). In Devine, the Eleventh Circuit concluded that although Rule 17(c) "permits authorized representatives, including parents, to sue on behalf of minors, [it] does not confer any right upon such representatives to serve as legal counsel." Devine, 121 F.3d at 581. This case is controlled by Devine.

Case No. 4:19cv607-MW-CAS

Mr. Joe Smith is not permitted to represent another person in a federal lawsuit because he is not a licensed attorney.

Accordingly, because counsel has not entered an appearance and Mr. Smith cannot represent Plaintiff, and because the filing fee has not been paid and the motion for in forma pauperis status is deficient, this case should now be dismissed. Sufficient time has been provided to comply with Court Orders and further time is not warranted.

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to comply with Court Orders.

**IN CHAMBERS** at Tallahassee, Florida, on March 24, 2020.

S/   Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.